**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE RAFAEL SEVILLANO-SEDA<br>**Plaintiff,**<br>v.<br>UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, et al.<br>**Defendants.** | **CIVIL NO. 24-1143 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendants United Parcel Service, Inc.'s ("UPS") and United Parcel Service Co.'s ("UPC") *Motion to Dismiss* ("*Motion*"). (Docket No. 29). For the reasons outlined below, the Court hereby **GRANTS** Defendants' *Motion to Dismiss*.

## I. BACKGROUND

Plaintiff José Sevillano ("Plaintiff or "Mr. Sevillano") was employed by UPS for almost thirty years before his termination in 2019. (Docket No. 1 ¶¶ 18, 34). While employed by UPS, Plaintiff was a member of the union known as Union de Tronquistas de Puerto Rico, Local 901 ("Union"). (Docket No. 27 ¶ 19). The Union and UPS have a collective bargaining agreement ("CBA") that gives Plaintiff the right to Union assistance and representation in various circumstances, including the filing of any grievances against his employer. Id. ¶¶ 22-23.

From 2015 to 2019, Mr. Sevillano filed multiple complaints with UPS managers and security personnel against supervisors and coworkers who "were [allegedly] shipping packages under fraudulent accounts in order to ship illegal substances using the UPS infrastructure." Id. ¶¶ 29-30. However, Plaintiff claims no action was taken to investigate his complaints. Id. ¶ 31. Instead, the same supervisors and coworkers Plaintiff had complained about began filing complaints against him (allegedly in retaliation for Plaintiff's complaints), claiming that Plaintiff was creating a hostile work environment. Id. ¶¶ 32-33. Plaintiff's employment with UPS was terminated in August 2019. Id. ¶ 34.

In September 2019, the Union filed a grievance to challenge Plaintiff's termination before the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources ("DLHR Arbitration"). Id. ¶ 35. In January 2022, the DHLR Arbitration issued its award, confirming the decision to terminate Plaintiff. Id. ¶ 45. The arbitrator's decision considered affidavits from six UPS employees and live testimony from two of these employees. *See* Union de Tronquistas de P.R., Local 901 v. United Parcel Servs., Civil No. 22-1090 (Docket No. 29 at 3-6). Mr. Sevillano argues that during this time, the Union did not adequately assist him because: (i) it did not submit evidence that Plaintiff's initial complaints against his supervisors and coworkers were true, and (ii) it did not prove

that the affidavits submitted by Plaintiff's supervisors and coworkers in support of his termination were fabricated. (Docket No. 1 ¶¶ 37-44).

In February 2022, the Union filed a petition to vacate the DLHR arbitration in the Puerto Rican court system, claiming the award "was contrary to public policy and violated the Union's right to due process, because the award was based entirely on hearsay to which the Union had objected," with the purported hearsay being the aforementioned affidavits from UPS employees. Id. ¶ 46; *see* Union de Tronquistas de P.R., Local 901, Civil No. 22-1090 (Docket No. 29 at 6). The case was subsequently removed to the United States District Court for the District of Puerto Rico. Id. ¶ 48; *see* Union de Tronquistas de P.R., Local 901, Civil No. 22-1090.

On March 23, 2023, the district court granted summary judgment to UPS and affirmed the DLHR Arbitration award because: (i) the arbitrator considered live witness testimony in addition to the affidavits, and (ii) the arbitrator's consideration of the affidavits was acceptable in light of the arbitrator's "obligation to consider pertinent and material evidence." Union de Tronquistas de P.R., Local 901, Civil No. 22-1090 (Docket No. 29 at 11-13). Final judgment was entered that day, dismissing the Union's claim with prejudice. Union de Tronquistas de P.R., Local 901, Civil No. 22-1090 (Docket No. 30).

On March 22, 2024, Plaintiff filed his initial complaint against the Union, UPS, UPC, and several unidentified entities (collectively, "Defendants"). (Docket No. 1). On September 24, 2024, Plaintiff filed his *Amended Complaint* ("*Complaint*"). (Docket No. 27). First, Plaintiff seeks relief from the 2023 final judgment under Rule 60(b)(3), essentially arguing the Union acted fraudulently by: (i) failing to provide evidence that Plaintiff's initial complaints against UPS coworkers and supervisors were true, and (ii) failing to show that Plaintiff's termination was based on fabricated affidavits made in retaliation for Plaintiff's initial complaints. Id. ¶¶ 92-94. He alleges UPS and UPC engaged in similar behavior by allowing the purportedly false affidavits and testimonies to be used in the arbitration and first federal case. Id. ¶¶ 95-98. Second, Plaintiff argues that the Union's conduct breached its duty of fair representation and violates various federal labor laws. Id. ¶¶ 105-11. Plaintiff seeks compensatory, punitive, and liquidated damages; back pay and interest; lost benefits; and attorney's fees, costs, litigation expenses, and necessary disbursements. Id. at 20-21.

On October 1, 2024, UPS and UPC filed their *Motion* seeking their dismissal from the *Complaint*. (Docket No. 29). On October 4, 2024, the Court ordered Plaintiff to respond to the *Motion* by October 15, 2024. (Docket No. 30). Plaintiff did not respond, and Defendants UPS and UPC filed a motion to deem their *Motion*

unopposed. (Docket No. 31). The Court granted this motion on October 28, 2024. (Docket No. 32). As UPS's and UPC's *Motion* only challenges Plaintiff's Rule 60(b)(3) claim, the Court does not reach Plaintiff's remaining claims against the Union. (Docket No. 29).

## II. APPLICABLE LAW

### A. Motion to Dismiss

To determine if a complaint has stated a plausible, non-speculative claim for relief, a court must determine whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011) (emphasis in original). This requires treating "any non-conclusory factual allegations in the complaint as true." Nieto-Vicenty v. Valledor, 984 F.Supp.2d 17, 20 (D.P.R. 2013); Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (courts should take "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor").

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. et al. v. Twombly et al.,

550 U.S. 544, 555 (2007) (citation omitted). Further, a complaint will not stand if it offers only "naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz, 669 F.3d at 55–56 (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

When a plaintiff does not respond to a defendant's motion to dismiss, a district court can deem the motion to dismiss unopposed under Local Rule 7(b). *See* Rivera-Quiñones v. U.S. Sec. Assoc., 2013 WL 5636898, at *4 (D.P.R. 2013). A party's "unexcused failure" to respond "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'" Id. (citations omitted); *see also* NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) ("it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity"); Lopez-Ortiz v. Pesquera-Lopez, 2014 WL 1415111, at *2 (D.P.R. 2014). However, "[i]f the merits are at issue, the mere fact that a motion to dismiss is

unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003); *see also* Santiago v. Am. Airlines, Inc., 840 F.Supp.2d 500, 506 (D.P.R. 2012) (unopposed motion to dismiss "does not warrant the automatic dismissal of Plaintiff's cause of action").

**B. Rule 60(b) Relief from Judgment**

Rule 60 of the Federal Rules of Civil Procedure provides relief from a final judgment, order, or proceeding under limited circumstances. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary in nature" and should be granted "sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Rule 60(b)(1)-(6) lists six sets of applicable conditions, including Rule 60(b)(3) which applies to "fraud (whether [previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party." Rule 60(b) motions must be made within a reasonable time and, if brought under Rule 60(b)(1)-(3), must be made "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1).

To succeed under Rule 60(b)(3), a party must show: (i) misconduct, such as fraud or misrepresentation; and (ii) that the misconduct "foreclosed full and fair preparation or presentation of [his] case." Karak, 288 F.3d at 20-21. A trial court can deny

relief under Rule 60(b)(3) if the moving party "is capable of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct." Id. at 21-22 (citation omitted). Importantly, Rule 60(b)(3) is concerned with "litigation-related fraud," not fraud stemming from "the subject-matter of litigation, meant to be investigated through the discovery process and resolved by the evidence at trial." Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005) (including "perjury, forged evidentiary documents, or bribery of judge or jury" as grounds for a successful Rule 60(b)(3) motion).

District courts retain "considerable discretion" in deciding motions brought under Rule 60(b). Cotto v. United States, 993 F.2d 274, 277 (1st Cir. 1993). The First Circuit has held that it is "the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co. Inc. et al., 953 F.2d 17, 20 (1st Cir. 1992) (citations omitted).

## III. DISCUSSION

### A. Lack of Standing

Although not raised by the parties, the Court finds Plaintiff lacks standing to bring his Rule 60(b) claim. Plaintiff was not a

party or legal representative to the underlying civil action. His post-judgment request to appoint new counsel in the original federal case was denied because he was a nonparty and the case had already been dismissed. Union de Tronquistas de P.R., Local 901, Civil No. 22-1090 (Docket No. 32).

This District "has previously denied Rule 60(b) motions for lack of standing" when prospective parties were neither parties nor legal representatives in the underlying case. MCDP Phoenix Serv. PTE Ltd. v. First Fin. Int'l Bank Inc., 2021 WL 3917032, at *2 (D.P.R. 2021) (citing Ericsson Inc. v. InterDigital Commc'ns Corp., 418 F.3d 1217, 1224 (Fed. Cir. 2005) for the proposition that a nonparty cannot seek relief under Rule 60(b)); *see also* Local 1575, Int'l Longshoremen Ass'n AFL-CIO v. NPR, Inc. et al., 217 F.R.D. 99, 102 (D.P.R. 2003). This is true even though other circuits have expanded the scope of Rule 60(b) to protect certain nonparty rights. *See* Kem Mfg. Corp. v. Wilder, 817 F.2d 1517, 1521 (11th Cir. 1987) (finding that a nonparty "only" has standing to claim fraud on the court "if the nonparty's interests are directly affected by the final judgment"); Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 188 (2d Cir. 2006); Irvin v. Harris, 944 F.3d 63, 69 (2d Cir. 2019). However, even if Plaintiff has standing to bring his Rule 60(b)(3) claim, dismissal is appropriate under Rule 12(b)(6).

**B. The *Motion to Dismiss* is Unopposed**

The *Motion* stands unopposed after Plaintiff's failure to respond. *See* Rivera-Quiñones v. U.S. Sec. Assoc., 2013 WL 5636898, at *4 (D.P.R. 2013); L. CV. R. 7(b) (unless an opposing party files a response to a motion within fourteen days of service, the party has "waived any objection to the motion"); (Docket No. 32). The Court retains the power to "summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'" Rivera-Quiñones, 2013 WL 5636898, at *4 (citations omitted); *see also* NEPSK, Inc., 283 F.3d at 7; Lopez-Ortiz, 2014 WL 1415111, at *2.

The Court concludes that summarily granting the *Motion* would not "clearly offend equity." Rivera-Quiñones, 2013 WL 5636898, at *4. Through the Union, Plaintiff's termination has been challenged once via arbitration and once via the federal court system; with both procedures affirming his termination. (Docket No. 29 ¶¶ 35, 48-49). He now seeks another bite at the apple. *See also* Ackermann v. United States, 340 U.S. 193, 198 (1950) ("there must be an end to litigation someday"). Additionally, while a court must make "reasonable inferences in a pleader's favor," it is not obligated to take conclusory or speculative facts as true. Schatz, 669 F.3d at 55. As discussed below, Plaintiff's allegations about the fraud purportedly committed by UPS and UPC lack any support, are rooted in speculation, and do not qualify for relief under Rule 60(b)(3). (Docket No. 27). Dismissing Plaintiff's Rule 60(b)(3) claim would

thus not be "clearly" inequitable here. Rivera-Quiñones, 2013 WL 5636898, at *4.

However, assuming summarily granting the *Motion* would be inappropriate, the Court will review Plaintiff's *Complaint* on the merits to see if the challenged claim is "formally sufficient." *See* Vega-Encarnacion, 344 F.3d at 41 ("[i]f the merits are at issue," the district court must still "examine the complaint itself to see whether it is formally sufficient to state a claim"); *see also* Santiago, 840 F.Supp.2d at 506 (unopposed motion to dismiss "does not warrant the automatic dismissal of Plaintiff's cause of action").

**C. Plaintiff's *Complaint* Does Not Survive 12(b)(6)**

After treating "any non-conclusory factual allegations in the complaint as true," and viewing facts in the *Complaint* "in the light most favorable" to Plaintiff, the Court concludes that Plaintiff's allegations against UPS and UPC do not state a plausible claim for relief.. Nieto-Vicenty, 984 F.Supp.2d at 20; Ocasio-Hernandez, 640 F.3d at 14; Fed. R. Civ. P. 12(b)(6).

Plaintiff's allegations against UPS and UPC lack detail or elaboration and are more akin to "labels and conclusions" that are insufficient to survive dismissal under Rule 12(b)(6). Bell Atl. Corp. et al., 550 U.S. at 555. Plaintiff claims that during the previous proceedings, these entities or their counsel: (i) "knowingly allowed the introduction of fabricated affidavits and

false testimonies"; (ii) "failed to disclose crucial evidence and information regarding the internal complaints Plaintiff lodged against his supervisors and coworkers"; (iii) "engaged in deceptive practices by withholding documents and evidence that would have demonstrated the falsehood of the allegations made against Plaintiff"; and (iv) "made several misrepresentations to the court regarding the nature of the evidence and the circumstances of Plaintiff's termination." (Docket No. 27 ¶¶ 60-67). These statements largely reword the same allegation, without support or detail: that UPS and UPC did not disclose that alleged falsity of certain evidence considered at the DLHR Arbitration. Plaintiff does not present additional facts fleshing out these claims, nor does he show how UPS's and UPC's behavior "foreclosed full and fair preparation or presentation of [his] case." Karak, 288 F.3d at 20-21. Plaintiff's claims cannot stand when he relies on "naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. at 678.

Plaintiff's *Complaint* cannot plausibly argue relief is justified under Rule 60(b)(3). As Plaintiff admits, "the Union permitted [UPS and UPC to] submit all false information and evidence against the Plaintiff based on the fabricated affidavits based on false facts against the Plaintiff after the Plaintiff lodged complaints against the supervisors and coworkers." (Docket No. 27 ¶ 44). Plaintiff cannot conceivably show UPS or UPC engaged

in fraud, misrepresentation, or misconduct after admitting that the Union, UPS, and UPC **all had the same information** during the arbitration and court proceedings. Karak, 288 F.3d at 20-21; Fed. R. Civ. P. 60(b)(3). Under these circumstances, it can hardly be said that the Union was kept from having "full and fair preparation or presentation" of the first civil suit because of UPS's and UPC's behavior. Karak, 288 F.3d at 20-21.

The purportedly fraudulent behavior Plaintiff points to also falls outside the bounds of Rule 60(b)(3). Plaintiff points to the inclusion of allegedly falsified affidavits and dishonest testimony as grounds for relief under Rule 60(b)(3), but these pieces of evidence were presented at the arbitration, not the initial court case. (Docket No. 29 ¶¶ 42-44, 60-67). During the underlying case, the Court did not evaluate the legitimacy of the affidavits or testimony, but instead examined whether the arbitrator had acted properly when issuing the award and if the Union had presented a "viable basis" for challenging it. Union de Tronquistas de P.R., Local 901, Civil No. 22-1090 (Docket No. 29 at 11-13). Plaintiff's arguments that some content in the arbitration's record is fraudulent is really an allegation of fraud stemming from "the subject-matter of litigation," which is not covered by Rule 60(b)(3). Roger Edwards, LLC, 427 F.3d at 134.

Plaintiff may disagree with the strategies pursued by the Union during the arbitration and in federal court, but he cannot

use this dissatisfaction to show that fraud occurred under Rule 60(b)(3). Plaintiff's *Complaint* offers only bare allegations that fraud in the subject-matter of the litigation occurred, which does not satisfy the plausibility standard imposed by Rule 12(b)(6) and is not covered by Rule 60(b)(3). Ocasio-Hernandez, 640 F.3d at 14; (Docket No. 27). Without more, Plaintiff's Rule 60(b)(3) claim cannot survive Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss* at Docket No. 29 is hereby **GRANTED**. Plaintiff's *Amended Complaint* is hereby **DISMISSED IN PART.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of January 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE